IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| WAYNE BLACK, #137 192 | * |
| Plaintiff, | * |
| v. | *   2:04-cv-23-MHT |
| | (WO) |
| TERRANCE MCDONNELL, *et al*., | * |
| Respondents. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on an application for habeas corpus relief filed by Wayne Black ["Black"], a state inmate incarcerated at the Holman Correctional Facility located in Atmore, Alabama. Black filed this action while incarcerated at the Kilby Correctional Center ["Kilby"] located in Mt. Meigs, Alabama, complaining of his continued detention on close custody. He alleges in this proceeding that his Fifth, Eighth, and Fourteenth Amendment rights were violated during and in relation to his assignment to administrative segregation on close custody status shortly after his arrival at Kilby from the Houston County Jail.

Pursuant to this court's order, Respondents filed an answer wherein they maintain that the instant petition is due to be denied because Petitioner is not entitled to any relief on the claims presented therein. Petitioner was afforded an opportunity to respond to the answer and has done so. Upon consideration of the pleadings filed herein, the court concludes that the petition is due to be denied and dismissed, no hearing being necessary. *See generally* Rule

8, *Rules Governing Section 2254 Cases in the United States District Courts*.

## I. DISCUSSION

*A. The Habeas Petition*

The claims raised by Black in this matter are not cognizable in this habeas petition whether considered filed under the provisions of 28 U.S.C. § 2241 or § 2254. Even if they were, Black has not stated a viable constitutional claim. The central purpose of the writ of habeas corpus, whether filed under § 2241 or § 2254, is to provide a remedy to prisoners who are challenging the "fact or duration" of their physical confinement and are seeking immediate release or an earlier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Federal habeas corpus relief is not available to remedy alleged constitutional violations which would not lead to either (1) an automatic shortening of an individual's sentence or (2) the individual's immediate release. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).

When he filed this action, Black complained not about the fact or duration of his confinement, but rather, about his classification to close custody and the conditions thereon, which had no effect on his sentence or the validity of his confinement. His housing assignment and security classification were assessed in connection with information from the Houston County Jail that Black had been a discipline problem and involved in assaultive behavior directed toward both inmates and jail officials. This had no effect on the sentence Black is serving and the absence of the classification proceedings would not have led to the

2

shortening of his sentence or his immediate release. Black's custody classification, while possibly having the potential to affect his parole eligibility, did not invariably affect the length of his sentence and, therefore, does not provide a basis for habeas relief. As noted, however, even if Black's claims were cognizable under the habeas statutes, no relief would be available to him on the merits of such claims because they do not rise to the level of constitutional violations as a matter of law.

B. *The Constitutional Claims*

  i. *The Classification Claim*

Black contends that prison officials' decision to classify him to close custody shortly after his arrival at Kilby violated his constitutional rights. The court need not decide whether Black was classified improperly at Kilby because, even if his classification were incorrect, his constitutional rights were not violated.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." The Constitution is implicated only if a person is deprived of an interest protected by the Due Process Clause. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Court held that federal courts must look to the nature of the deprivation rather than statutory or regulatory language to determine if a state created a liberty interest.

An inmate in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification because the resulting restraint, without more, does

3

not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Moreover, a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Constitution itself does not confer any right upon an inmate to any particular custody or security classification); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."); *see also Olim v. Wakinekona*, 461 U.S. 238 (1983); *Hewitt v. Helms*, 459 U.S. 460 (1983). Because Black has no constitutional right to a specific classification and/or security status, correctional officials may change his classification for a good reason, a bad reason, or no reason at all. Thus, the decision to house Black on administrative segregation on close custody status did not violate his constitutional rights. Because Black's allegation fails to assert a deprivation of any constitutionally protected liberty interest, he has no entitlement to due process in connection therewith.

*ii. The False Information Claim*

Black complains that prison officials at Kilby based their classification decision on speculative and fabricated evidence which they received from Houston County Jail officials indicating that he had been a behavioral problem while detained there. Specifically, Black alleges that information sent to Kilby from the Houston County Jail lacked proof because it failed to provide specific details with regard to names, dates, and time of the incidents and

4

was generally inaccurate.[1]

The evidence before the court reflects that the decision by classification personnel to classify Black to close custody was based on incident reports and court records regarding Black's aggressive and assaultive behavior and mis-conduct while he was an inmate in the Houston County Jail. (*See* Doc. No. 10, Attachments.) Respondents do not admit that these documents and records are either fabricated or false. (*Id*. McDonnell Affidavit.) While *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), establishes a constitutional claim for the knowing use of false information by prison officials, the instant case is controlled by *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.1982). In *Slocum*, the Court held that prisoners do not state a due process claim by merely asserting that erroneous information may exist in their prison files. Moreover, "prisoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001). Black merely asserts that prison personnel based their classification decision on false information. As such, the claim fails to state a constitutional violation.

### iii. The Retaliation Claim

Black maintains that the decision to place him on close custody was in retaliation for a lawsuit he filed in federal court while an inmate in the Houston County Jail. Correctional

---

[1] Any challenge to the underlying validity of disciplinary charges lodged against Black while he was incarcerated in the Houston County Jail are not properly before the court in this proceeding, but rather, may be brought in a separate civil action against the appropriate county jail officials.

5

officers may not retaliate against prison inmates for exercising their right of access to the court. *See Wildberger v. Brackness*, 869 F.2d 1467 (11th Cir. 1989); *Wright v. Newsome*, 795 F.2d 964 (11th Cir. 1986). A successful retaliation claim requires a demonstration that an inmate's exercise of his right to access the courts was a substantial or motivating factor in the prison official's decision to take action. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

The method of establishing a retaliation claim is essentially the same as that for a claim of race or sex discrimination. *Donnellon v. Fruehauf Corporation*, 794 F.2d 598, 600-601 (11th Cir. 1986). An inmate has the initial burden of setting forth a prima face case of unlawful retaliation by a preponderance of the evidence, which once established raises a presumption that the prison official retaliated against the inmate. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

To establish a prima facie case, an inmate must show that he was engaged in a protected activity, such as the filing of a lawsuit; that he suffered an adverse treatment simultaneously with or subsequent to such activity; and that there was a causal link between the protected activity and the adverse treatment. *Donnellon*, 794 F.2d at 600-01. If an inmate establishes a prima facie case, the burden then shifts to prison officials to rebut the presumption by producing sufficient evidence as to whether the prison official retaliated against the inmate. This may be done by the prison official articulating a legitimate, non-retaliatory reason for the adverse decision or action, which is clear, reasonably specific and

worthy of credence. The prison official has a burden of production, not of persuasion, and thus does not have to persuade a court that he or she actually was motivated by the reason advanced. *Burdine*, 450 U.S. at 255. Once the prison official satisfies this burden of production, the inmate then has the burden of persuading the court that the proffered reason for the adverse decision is a pretext for retaliation. An inmate may satisfy this burden by persuading the court either directly that a retaliatory reason more than likely motivated the prison official or indirectly that the proffered reason for the adverse decision is not worthy of belief. By so persuading the court, the inmate satisfies his ultimate burden of demonstrating by a preponderance of the evidence that he has been the victim of unlawful retaliation. *Id.* at 256.

Assuming, *arguendo*, that Black has met his prima facie burden, he has failed to demonstrate a violation of his constitutional rights. The evidence before the court reflects that prison officials classified Black to close custody based on jail records and reports of his violent and aggressive behavior during his detention in the Houston County Jail. Black's conclusory allegation that prison personnel were retaliating against him is insufficient to show that the reasons proffered by prison officials are pretextual. Consequently, his claim of retaliation fails to rise to the level of a constitutional violation.

### iv. The Conditions Claim

Black complains that his classification as a close custody inmate caused him to be locked down 23 and sometimes 24 hours a day, caused restrictions on his phone and

visitation privileges, and required that his hands and feet be shackled for any out-of-cell movement. Respondents' evidentiary material shows that correctional officials used information provided by the Houston County Jail when classifying Black and his resulting classification to close custody determined the level of security measures he was subject to during his incarceration at Kilby. (*See* Doc. No. 10, Attachments.)

The Eighth Amendment proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*. at 437. Only those conditions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment. *Id.* A prison official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's health or safety when the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). A constitutional violation occurs only when an inmate establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, . . . and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001)(en banc), *quoting Farmer*, 511 U.S. at 844.

The living conditions within in a prison will constitute cruel and unusual punishment when the conditions involve or result in "wanton and unnecessary infliction of pain, [or] . .

. [are] grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes*, 452 U.S. at 347. "Conditions . . . alone or in combination, may deprive inmates of the minimal civilized measure of life's necessities. Such conditions could be cruel and unusual under the contemporary standard of decency . . . . But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Id*. To determine whether conditions of confinement constitute cruel and unusual punishment, the court must look to the effect the condition has upon the inmate. *Id.* at 366. In a case involving conditions of confinement generally or several different conditions, the court should consider whether the claims together amount to conditions which fall below constitutional standards. *Hamm v. De Kalb County*, 774 F.2d 1567 (11th Cir. 1985). The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to [an inmate's] future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004).

   Here, Black fails to show that he suffered a sufficiently serious constitutional deprivation which may be considered "extreme." *See Chandler*, 379 F.3d at 1290. Nor has Black shown that the conditions about which he complains denied him the minimal civilized measure of life's necessities or subjected him to a wanton and unnecessary infliction of pain. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Rhodes*, 452 U.S. at 347. Furthermore, Black has failed to demonstrate any deliberate indifference or reckless disregard by prison officials with respect to his health or safety. *Farmer* 511 U.S. at 834, 837. Though certainly unpleasant,

9

the conditions about which Plaintiff complains cannot be characterized as "extreme" prison conditions that were of sufficient severity to implicate the Eighth Amendment. *Chandler* 379 F.3d at 1290. Consequently, Black's claims do not rise to the level of an Eighth Amendment violation.

### *v. The Double Jeopardy Claim*

Black complains that his classification to close custody was based on an incident for which he had already been punished while incarcerated at the Houston County Jail. The Double Jeopardy Clause is applicable only to criminal prosecutions. *Breed v. Jones*, 421 U.S. 519 (1975). Prison classification proceedings are not part of a criminal prosecution and the Double Jeopardy Clause is, therefore, inapplicable to such proceedings. *Cf. Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

### *vi. The Request for Injunctive Relief*

Black is no longer an inmate at Kilby. He is, therefore, no longer subject to the conditions about which he complains. Because Black has been transferred to another penal institution, there is no longer a case or controversy to litigate, and the request for injunctive relief is subject to dismissal as moot. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt,* 455 U.S. 478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Petitioner Wayne Black's petition for federal habeas corpus relief be DENIED and DISMISSED with prejudice.

It is further

ORDERED that on or before April 25, 2006 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of April, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE